CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 2 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

FRANCES M. JACKSON,[1]          )     CASE NO. 4:11CV00015
                                )
            Plaintiff,          )
                                )
v.                              )     REPORT AND RECOMMENDATION
                                )
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )     By:  B. Waugh Crigler
            Defendant.          )          U. S. Magistrate Judge


This challenge to a final decision of the Commissioner which denied plaintiff's

July 31, 2008 protectively-filed application for a period of disability, disability insurance

benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as

amended, 42 U.S.C. §§ 416, 423, and 1381 et seq., is before this court under authority of 28

U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate

findings, conclusions, and recommendations for the disposition of the case.  The questions

presented are whether the Commissioner's final decision is supported by substantial evidence, or

whether there is good cause to remand for further proceedings.  42 U.S.C. § 405(g).  For the

reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the

Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final

decision, and DISMISSING this action from the docket of the court.

---

[1] The record clearly shows that plaintiff's first name is spelled "Frances" and not
"Francis" as it is carried on the electronic docket.  The Clerk hereby is directed to correct the
clerical error on the electronic docket of the court.

1

In a decision dated May 26, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity from March 17, 2007, her alleged date of disability onset, through December 31, 2007, the date she was last insured ("DLI").[2] (R. 12.) The Law Judge determined plaintiff's coronary artery disease, hypertension, diabetes, obesity, and obstructive sleep apnea were severe impairments. (R. 12.) He also concluded that, through her date last insured, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 13.) Further, the Law Judge found that she maintained the residual functional capacity ("RFC") to perform a wide range of light work, with no limitations on sitting or standing or occasional changes in posture. (R. 13, 29.) In reaching his conclusions about plaintiff's RFC, the Law Judge did not credit the opinions of plaintiff's treating sources, Said Iskander, M.D., a cardiologist, and Paul Buckman, M.D., a general practitioner. Instead, he found their opinions on plaintiff's work-related limitations were not supported by either the medical record or their own physical examinations.[3] (R. 29-30.) The Law Judge gave greater weight to the opinion of Robert Chaplin, M.D., a State agency record reviewer who determined that plaintiff was capable of a full range of light work with no noteworthy limitations. (R. 29.)

The Law Judge further relied on portions of the testimony of Gerald Wells, a vocational expert ("VE"). (R. 54-69.) Based on this testimony, the Law Judge determined that, while this RFC precluded plaintiff from performing her past relevant work as a frame operator in the textile industry, alternate gainful employment was available to her, namely as a light janitorial worker,

---

[2] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2007. *See* 20 C.F.R. § 404.131(a).

[3] The Law Judge viewed the doctors' findings as unremarkable, demonstrating nothing that would support their conclusions that the plaintiff was exceptionally limited. (R. 30-31.)

2

packing line worker, and cashier. (R. 30-31.) Accordingly, the Law Judge found plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's May 26, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

In her brief filed in support of her motion for summary judgment, plaintiff contends that the Law Judge erred in disregarding the opinions of her treating physician, Dr. Buckman, and her treating cardiologist, Dr. Iskander. Plaintiff asserts that, if the Law Judge had given the limitations set forth in those opinions proper weight, the vocational expert would have found that there are no jobs available to a person with plaintiff's limitations. (Plaintiff's Brief, 22.) Plaintiff points out that the Commissioner's own regulations require that a treating physician's

Case 4:11-cv-00015-JLK-BWC   Document 17   Filed 12/22/11   Page 3 of 8   Pageid#: 818

findings on the severity of impairment are to be given controlling weight, so long as they are supported by the medical record and consistent with other substantial evidence in the record.[4] (Id. at 23.)  Plaintiff offers that Dr. Iskander's opinion was based on an extensive battery of tests and examinations he performed, his management of plaintiff's cardiac care and medications, and his oversight of both her treatment by specialists and her post surgical care.  Plaintiff believes that the Law Judge's reliance on a single statement by Dr. Iskander to the effect that the blockage would not cause a future heart attack was insufficient to then discount the severity of her condition, especially in light of the angina and shortness of breath observed by Dr. Iskander.[5] (Id. at 23-24.)  Plaintiff offers that the extensive testing and active involvement by Dr. Iskander places him in the best position to accurately diagnosis and describe the plaintiff's impairments and their effects.

Similarly, plaintiff asserts that the Law Judge erred in not fully crediting the opinion of Dr. Paul Buckman, plaintiff's family care physician.  Here, too, plaintiff contends that Dr. Buckman examined, tested, diagnosed, and treated her repeatedly during the relevant period. She offers that Dr. Buckman's conclusions about plaintiff's RFC are fully supported by the medical evidence in the record, and that the Law Judge improperly dismissed his opinion out of hand.  (Id. at 24.)  She finally notes that when the VE was asked to consider the limitations described by these doctors, he opined that they precluded alternate work.[6]  (Id.)  Accordingly, plaintiff contends that the Law Judge's decision was not supported by substantial evidence.

---

[4] Citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

[5] Plaintiff's characterization of the Law Judge's rationale for discrediting Dr. Iskander's opinions differs from the actual reasons set forth in the decision.

[6] The VE's actual testimony does not go that far.  He testified that those limitations would restrict her to sedentary work which would only be unavailable if there were excessive absenteeism.  There was no evidence of that prior to the her DLI.  (R. 64-67.)

4

In his brief in support of his motion for summary judgment, the Commissioner argues that the Law Judge's decision is supported by substantial evidence. He offers four reasons for this position. First, the Commissioner contends that Dr. Iskander's clinical notes indicate plaintiff's cardiac condition was only mild. (Commissioner's Brief, 1.) The Commissioner points to Dr. Iskander's classification of plaintiff's condition-- "1" on the New York Heart Association's (NYHA) scale, denoting mild symptoms with no limitation in physical activity-- and to Dr. Iskander's observations that plaintiff's condition was stable and under control. (Id. at 5-6.) Second, the Commissioner argues that Dr. Buckman's clinical notes show that plaintiff was neurologically intact, that her heart operated with a regular rate and rhythm, and that she did not have edema in her extremities. (Id. at 6.) Third, he points to physical examination notes from January 2011 demonstrating that plaintiff ambulated independently with a normal gait, had no edema in her extremities, and experienced no atrophy, backache, inflammation, joint or muscle pain, muscle weakness, restriction of motion, or swelling. Finally, the Commissioner cites various facts relating to plaintiff's activities of daily living which he submits reveal self-sufficiency in the normal demands of day-to-day life. (Id. at 7-8.) From these facts, the Commissioner argues that the record amply supports the Law Judge's finding and provides a substantial evidentiary basis for his decision not to fully credit the opinions of the treating doctors.

The core of plaintiff's argument here centers on whether the Law Judge gave proper weight to the opinions of the two treating physicians. Generally, the opinions of treating sources should be given great, if not controlling weight, because those doctors have more of a longitudinal view of a claimant's maladies and their effects. 20 C.F.R. 416.927 (d)(1), (2). However, treating source evidence may be given less than controlling weight when other

5

evidence is persuasive and contradictory, where the treating source opinion is inconsistent with the medical record, or where the treating source opinion is not supported by laboratory findings and examination. *See Id.*; 20 C.F.R. 416.927 (d)(3), (4); *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The ultimate resolution of the credibility of the evidence and of any conflicts in the record by the Commissioner will be affirmed if supported by substantial evidence. *Id.*; *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Here, the Law Judge found the treating physician opinions were not supported by the clinical findings in the medical record. Specifically, he concluded that the views of the treating sources about plaintiff's residual functional capacity were inconsistent with their rather unremarkable findings on physical examination. (R. 29-30.) Frankly, there is a great deal of evidence in the record to support both of these determinations.

Dr. Iskander frequently found plaintiff to be in relatively stable condition. His examinations noted her heart operated with a regular rate and rhythm, indentified no musculoskeletal or neurological problems, and classified plaintiff's diabetes, hypertension, and hyperlipidemia as controlled. (R. 348-350, 352-356, 581-586.) It is true that plaintiff suffered coronary artery disease which Dr. Iskander surgically attempted to correct. *Id.*; (R. 346, 692.) However, Dr. Iskander rated the disease's severity level as a "1" on the New York Heart Association's functional classification, which is "mild" and indicates no limitations of physical activity, and he opined that her prognosis was good. (R. 593.) This is inconsistent with Dr. Iskander's opinion concerning plaintiff's residual functional capacity. (R. 593-597.)

The results of Dr. Buckman's physical examinations were similar. Dr. Buckman consistently noted that plaintiff's heart produced a regular rate and rhythm, and that she was neurologically intact. A few examinations revealed edema in plaintiff's extremities, but the

6

majority did not. (R. 499-506, 587, 601-602, 689-691, 703.) While there is little question that plaintiff has had a long history of hypertension and diabetes under varying degrees of control, her blood pressure and blood sugar improved markedly over the course of treatment. *Id.* Further, Dr. Buckman's conclusion that plaintiff should never climb, stoop, crouch, kneel, crawl, or push/pull, and was incapable of standing for twenty minutes without interruption is contradicted in various ways by her daily activities, which, in the main, were performed without assistance. (Contrast R. 494-495 with R. 252-258.)

Though Dr. Chaplin was not an examining physician, and while the State agency form used to report his record review is nothing more than a check list criticized by the Commissioner as failing to provide bases for the opinions expressed therein when furnished by a claimant, his conclusions were reached upon review of several years of medical records. (R. 89-91, 94-95.) Further, Dr. Remberto J. Bitar's January 13, 2011 physical exam appears to support Dr. Chaplin findings. While the examination revealed that plaintiff continued to suffer from coronary artery disease, hypertension, diabetes, obesity, and obstructive sleep apnea, all of his systems analyses were "Normal." (R. 739-741.)

Having closely examined the record before the court, the undersigned finds that there is substantial evidence in the record to support the Law Judge's decision to give less weight to the opinions of the treating physicians in this case in arriving at his determination of plaintiff's RFC. Thus, the evidence adduced from the VE based on the Law Judge's RFC also is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings, as well as to the conclusions reached by the undersigned, may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Dec 22, 2011
Date